1.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| ROBERT OSBORNE, | § § | |
| PLAINTIFF, | §§ | |
| V. | § § | Civil Action No. 14-CV-02260-BNB |
| BIOMET, INC., AND DOES 1-10, | § § § | |
| DEFENDANTS. | § § | |

**[PROPOSED] PROTECTIVE ORDER**

**WHEREAS**, the parties in the above-captioned action may, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure ("FRCP") and Rule 502 of the Federal Rules of Evidence ("FRE") seek discovery or documents, information, or other materials that are considered proprietary or confidential by each other;

**WHEREAS**, the Parties wish to ensure that confidential information shall be used only for the purposes of this action and shall not be disclosed or used in any other way;

**WHEREAS**, the Parties also desire, in accordance with Rule 26(f)(3)(D) of the FRCP to establish a mechanism to avoid waiver of privilege or any other applicable protective evidentiary doctrine as a result of the inadvertent disclosure of information subject to the attorney-client or work-product privileges, or both.

**WHEREAS**, the Parties have stipulated and agreed to the terms, and jointly moved this Court for entry of the following Protective Order, and the Court having found that, in light of the

nature of the non-public, confidential, competitively-sensitive, proprietary information that may be sought in discovery, good cause exists for entry of the Protective Order,

**IT IS ORDERED** that this Stipulated Protective Order (hereinafter "Protective Order") shall be entered, ~~incorporated by reference into the FRCP 16(b) scheduling order~~, and that the following procedures designated to assure the protection of proprietary or confidential information shall govern any discovery that results in the production or any other exchange of confidential documents or information or any other exchange of such information during the course of or otherwise in connection with the above-captioned action:

1. Any and all documents comprising, generated from, or referencing trade secrets, processes, operations, business methods, technology, designs, sales, any other business information that is proprietary and/or confidential, or any materials that are deemed confidential under U.S. Food and Drug Administration ("FDA") regulations and Health Insurance Portability and Accountability Act ("HIPAA") statutes and/or regulations may be designated as "Confidential Information" by the producing party, provided such documents have not previously been disclosed by the producing party to the general public, except to the extent that such designation is contrary to the Federal Rules of Civil Procedure or Colorado law.  Such documents or parts thereof will be designated by stamping the word "Confidential" on each page.

2. All information exchanged between the parties to this action shall be used solely for the purposes of this action and for no other purpose whatsoever, except to the extent that such is contrary or Colorado law or applicable cannons of ethics or codes of professional responsibility.

3. For purposes of this Protective Order the term "document" as used herein includes but is not limited to all written, recorded, or graphic material in hard copy or electronic format.

**4.      A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.**

~~If any party believes a document not described in paragraph 1 should nevertheless be considered confidential, it may be addressed in writing to the opposing party. If after a good-faith effort to resolve the dispute the parties are unable to reach agreement, either party may make application to the Court to resolve the issue.~~

~~5.      If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved~~

~~by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate.~~

6. Except as otherwise provided in this Protective Order, material designated as Confidential Information may not be examined, disclosed, or disseminated, whether orally or in writing, to any person other than persons to whom disclosure or dissemination is necessary for the prosecution or defense of this action, in particular:

    (a)    Defendants;

    (b)    Plaintiff;

    (c)    The parties' respective counsel and employees of the parties' counsel who are acting under the direction and control of such counsel and who are assisting such counsel in this action;

    (d)    To the extent the parties' counsel deems necessary for the prosecution or defense of the instant matter, actual or proposed witnesses, and other persons whom the parties' counsel deem necessary including but not limited to independent consultants or experts retained in connection with the instant action so long as the parties' counsel instructs any such individual that the Confidential Information is not to be disclosed or disseminated any further than itself and its personnel or agents, and each such person agrees, in writing, to be bound to the terms of this Order. A sample agreement form is attached as Exhibit 1 to this Order;

    (e)    Stenographers or court reporters only to the extent necessary to prepare records of sworn testimony in the instant action;

    (f)    ~~Magistrates,~~ Judges, clerks or other members or employees of any court of competent jurisdiction over proceedings in or related to the instant action or any law enforcement agency; and

    (g)    Any individual who has already seen such document with the express or implied

permission of the producing party or from some other lawful source, in accordance with this Protective Order.

7. ~~The parties reserve the right to object to the designation of documents or information as "Confidential" but must maintain the confidentiality of these documents or information pursuant to the terms of this paragraph until otherwise ordered by the Court. Inadvertent failure to designate Confidential Information shall not be construed as a waiver, in whole or in part, and may be corrected by the producing party by written notification to the party in receipt of the material upon discovery of the failure to designate.~~

8. No party or other person to whom any Confidential Information is disclosed shall further disclose any such material to any person other than those specified in Paragraph 6. Any party making such a disclosure shall maintain a list of persons to whom disclosure was made identifying the "Confidential" materials which were disclosed to that person. All Confidential Information produced or exchanged in the course of this lawsuit shall be used solely for the preparation and trial of this lawsuit and for no other purpose.

9. Confidential Information may be disclosed in testimony at the trial of this action or offered into evidence at the trial of this action, subject to the Federal Rules of Evidence and any further order that the Court may enter. Further, this Protective Order shall not preclude counsel for the parties from using during any deposition in this action any documents or information which have been designated as Confidential Information under the terms of this Protective Order. **Any request to restrict access must comply with the requirements of D.C.COLO.CivR 7.2.** ~~If a receiving party or attorney desires to introduce Confidential Information at trial or in the public record of the Court in any filing or submission, the party shall give the producing party notice of the intent to~~

~~introduce such documents to permit the producing party to meet and confer with the receiving party regarding the filing of such materials under seal or pursuant to protective order, pursuant to FRCP 5.2, 26, District of Colorado ECF Procedure VI, or other applicable local rules. The producing party hereby stipulates that it will agree to an extension of at least three (3) days, as calculated by FRCP 6, for a receiving party to file such documents with the Court after the filing of a related brief or submission to facilitate the meet and confer obligations of this paragraph. The producing party hereby stipulates that it will agree to respond to the receiving party and initiate a meet and confer within three (3) business days of the date of the notice of intent to introduce Confidential Information or Highly Confidential Information at trial or in the public record of the Court in any filing or submission.~~

10. Any document or other material which is marked Confidential or the contents thereof, may be used by a party, or a party's attorney, employees of the attorney's law firm, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action. Nothing contained in this Order shall prevent the use of any document or the contents thereof, at any deposition taken in this action. If a party intends to use material that has been marked as Confidential at the deposition of an employee or former employee of a non-producing party in this litigation, then the party shall notify the producing party ten (10) days in advance of the deposition that it intends to use that category of material. If the parties cannot agree on parameters for usage of the material at the deposition, then the parties will seek the direction of the Court as to the utilization of that category of material in the deposition.

11. All transcripts and exhibits shall be treated as if designated Confidential for a period of thirty (30) days after the transcript is available from the court reporter. Counsel for any party may

designate during the deposition or during the thirty day period after the transcript is available from the court reporter any portion of the transcript as Confidential by denominating by page and line, and by designating any exhibits, that are to be considered Confidential pursuant to the criteria set forth in this Protective Order. Such designation shall be communicated to all parties. Transcript portions and exhibits designated in accordance with this paragraph shall be disclosed only in accordance with this Protective Order. ~~A party may challenge the Confidential or designation or portions thereof in accordance with the provisions of Paragraph 5 above~~.

12.	Nothing in this Protective Order shall require disclosure of material which either party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable and recognized privilege. The parties recognize that certain FDA, other governmental agencies, and certain federal statutes require redaction of certain information prior to production of certain information and that the parties will comply with those requirements and redact such information as directed. Any party challenging information that has been redacted may do so in accordance with Paragraph 5 of this Protective Order.

13.	In the event a party produces documents subject to the attorney-client privilege or work product doctrine through inadvertence, mistake, or other error, such production shall not be a waiver of privilege or immunity. The producing party must promptly give notice to all other parties of the inadvertent production. Upon such notice, the receiving party promptly shall make best efforts to collect all copies of the documents and destroy them or return them to the producing party.

14.	A party's compliance with the terms of this Order shall not operate as an admission that any document is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

15. The termination of proceedings in this litigation shall not relieve any person or entity to whom Confidential Information has been disclosed from the obligations of this Protective Order. Following termination of proceedings in this litigation, the parties and their attorneys shall either return to the producing party or destroy all documents and information identified in this Protective Order within 60 days of the date upon which all appeal periods have expired, including any copies of such material, unless the Confidential Information is required to be retained for a longer period by law or superseding contractual agreement. The attorneys for the parties, upon written request of the producing party, shall certify in writing that destruction in accordance with this paragraph has occurred.

16. If any Receiving Party receives a subpoena for Confidential Information subject to this Order, the person subpoenaed must inform the subpoena's issuer of this Order, provide the subpoena's issuer with the copy of the Order, and give prompt notice of that subpoena and a reasonable opportunity to object to the Producing Party prior to the production of any responsive material.

17. Notwithstanding anything herein, counsel for the parties shall be entitled to retain all court papers, deposition and trial transcripts, exhibits used in affidavits, at depositions and at trial, and attorney work product. This Protective Order shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Nothing in this Protective Order shall prohibit or interfere with the ability of counsel for any party, or experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

18. This Protective Order shall not apply to information which is public knowledge or publicly

available, or to information which, after exchange or disclosure between the parties, becomes public knowledge other than by an act or omission of any permitted recipient in contravention of the terms of this Protective Order.

19. Nothing in this Protective Order shall impose any restriction on the use or disclosure by a party of its own documents.

20. Nothing in this Protective Order shall prevent any other party from seeking amendments broadening or restricting the rights of access to or the use of Confidential material or otherwise modifying this Protective Order; ~~and this Protective Order may be amended without leave of the Court by the agreement of the undersigned attorneys for the parties in the form of a Stipulation that shall be filed in this case.~~

Dated December 3, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

Exhibit 1
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| ROBERT OSBORNE, | § | |
| | § | |
| PLAINTIFF, | §§ | |
| V. | § | |
| | § | Civil Action No. 14-CV-02260-BNB |
| BIOMET, INC., AND DOES 1-10, | § | |
| | § | |
| | § | |
| DEFENDANTS. | § | |
| | § | |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I have read the Stipulated Protective Order in the above-captioned case, which is attached hereto. I fully understand its terms and agree to be fully bound by them, and I hereby submit to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcement of the Stipulation and Order.

Dated: _____

Signature: _____

Name: _____

Address: _____